**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

NEUROCRINE BIOSCIENCES, INC.

Plaintiff,

v.

SANDOZ INTERNATIONAL GMBH,
SANDOZ INC., SANDOZ AG, CRYSTAL
PHARMACEUTICAL (SUZHOU) CO., LTD.
and CRYSTAL PHARMATECH CO., LTD.

Defendants.

Civil Action No. _____

**COMPLAINT FOR PATENT INFRINGEMENT**

Neurocrine Biosciences, Inc. ("Neurocrine"), by way of Complaint against Defendants

Sandoz Inc., Sandoz AG and Sandoz International GmbH ("Sandoz Int'l") (collectively,

"Sandoz"), and Crystal Pharmaceutical (Suzhou) Co., Ltd. ("Crystal Suzhou") and Crystal

Pharmatech Co., Ltd. ("Crystal Pharmatech") (collectively "Crystal") (all of the foregoing

collectively, "Defendants") allege as follows:

**NATURE OF THE ACTION**

1.      This is a civil action for patent infringement of U.S. Patent Nos. 8,039,627, ("the

'627 patent"), 8,357,697 ("the '697 patent") and 11,311,532 ("the '532 patent") (collectively,

"the patents-in-suit"), arising under the United States patent laws, Title 35, United States Code,

§ 100 *et. seq.*, including 35 U.S.C. §§ 271 and 281.  This action relates to Defendants' filing of

an Abbreviated New Drug Application ("ANDA") No. 215962 under Section 505(j) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to manufacture, use, import, offer to sell and/or sell valbenazine tosylate capsules, equivalent to 40 mg and 80 mg of valbenazine base ("Defendants' generic products") before the expiration of the patents-in-suit.

2.      Neurocrine filed a separate action involving the same ANDA No. 215962 in this Court for patent infringement of U.S. Patent Nos. 10,065,952 ("the '952 patent"), 10,844,058 ("the '058 patent"), 10,851,103 ("the '103 patent"), 10,851,104 ("the '104 patent"), 10,857,137 ("the '137 patent"), 10,857,148 ("the '148 patent"), 10,874,648 ("the '648 patent"), 10,906,902 ("the '902 patent"), 10,906,903 ("the '903 patent"), 10,912,771 ("the '771 patent"), 10,919,892 ("the '892 patent"), 10,940,141 ("the '141 patent") and 10,952,997 ("the '997 patent") (collectively, "First Suit Patents") in *Neurocrine Biosciences, Inc. v. Crystal Pharmaceutical (Suzhou) Co., Ltd. et al.*, No. 1:21-cv-01067-MN (D. Del. filed July 23, 2021) ("the First Suit"), which on April 19, 2022 was consolidated in this Court in *Neurocrine Biosciences, Inc. v. Lupin Limited et al.*, No. 1:21-cv-01042-MN (consolidated).

3.      The First Suit was filed in response to two letters from Crystal dated June 9, 2021 ("the First Notice Letter") and June 11, 2011 ("the Second Notice Letter"), which stated that ANDA No. 215962 contains certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), alleging that the claims of the First Suit patents are invalid, unenforceable or will not be infringed by the manufacture, use, sale, offer for sale and/or importation of Defendants' generic products.  The First Suit included counts of infringement of the First Suit Patents.

4.      Neurocrine also filed a separate action involving the same ANDA No. 215962 in this Court for patent infringement of U.S. Patent Nos. 10,993,941 ("the '941 patent"),

{01832679;v1 }                                    2

11,026,931 ("the '931 patent"), 11,026,939 ("the '939 patent") and 11,040,029 ("the '029 patent") (collectively, "Second Suit Patents") in *Neurocrine Biosciences, Inc. v. Crystal Pharmaceutical (Suzhou) Co., Ltd. et al.*, No. 1:21-cv-01464-MN (D. Del. filed Oct. 18, 2021) ("the Second Suit"), which on April 19, 2022 was consolidated in this Court in *Neurocrine Biosciences, Inc. v. Lupin Limited et al.*, No. 1:21-cv-01042-MN (consolidated).

5. The Second Suit was filed in response to a third letter from Crystal dated September 3, 2021 ("the Third Notice Letter"), which stated that ANDA No. 215962 contains certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), alleging that the claims of the Second Suit Patents are invalid, unenforceable and/or will not be infringed by the manufacture, use, import, offer to sell and/or sale of Defendants' generic products. The Second Suit included counts of infringement of the Second Suit Patents.

6. This complaint is filed in response to a new, fourth letter regarding ANDA No. 215962 purportedly from Sandoz dated July 14, 2022 ("the Fourth Notice Letter"), purporting to include a "Paragraph IV Patent Certification Notice U.S. Patent Nos. [patents-in-suit] Sandoz Inc. ANDA 215962 Ingrezza® (Valbenazine) Capsules 40 mg and 80 mg" pursuant to § 505(j)(2)(B)(iv) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95. The Fourth Notice Letter states that ANDA No. 215962 contains certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), alleging that the claims of the patents-in-suit are invalid, unenforceable and/or will not be infringed by the manufacture, use, import, offer to sell and/or sale of Defendants' generic products.

### THE PARTIES

7. Neurocrine is a corporation organized and existing under the laws of Delaware with its corporate headquarters at 12780 El Camino Real, San Diego, CA 92130.

8.      Neurocrine is engaged in the business of researching, developing and bringing to market innovative pharmaceutical products for the treatment of neurological, endocrine and psychiatric disorders.

9.      Upon information and belief, Sandoz Int'l is a corporation organized under the laws of Germany and its principal place of business is located at Industriestrasse 25, 83607 Holzkirchen, Germany.

10.     Upon information and belief, Sandoz Inc. is a corporation organized under the laws of Delaware (file number 7944830) and its principal place of business is located at 100 College Rd. West, Princeton, NJ 08540. Upon information and belief, Sandoz Inc. is a wholly-owned subsidiary of Sandoz Int'l.

11.     Upon information and belief, Sandoz AG is a corporation organized under the laws of Switzerland and its principal place of business is located at Lichtstr. 35, CH-4056 Basel, Switzerland. Upon information and belief, Sandoz AG is a wholly-owned subsidiary of Sandoz Int'l.

12.     Upon information and belief, Sandoz Inc. and Sandoz AG are generic pharmaceutical companies that, in coordination with each other and Sandoz Int'l or at the direction of Sandoz Int'l, develop, manufacture, market and distribute generic pharmaceutical products for sale in the State of Delaware and throughout the United States.

13.     Upon information and belief, Crystal Suzhou is a corporation organized under the laws of China and its principal place of business is located at B4-301, Biobay, 218 Xinghu Street, Suzhou Industrial Park, China, 215123.

14.     Upon information and belief, Crystal Pharmatech is a corporation organized under the laws of China and its principal place of business is located at B4-101, Biobay 218 Xinghu Street, Suzhou Industrial Park, Suzhou, Jiangsu Province, China, 215123.

15.     Upon information and belief, Crystal Suzhou is a wholly-owned subsidiary of Crystal Pharmatech.

16.     Upon information and belief, Crystal Suzhou and Crystal Pharmatech are generic pharmaceutical companies that, in coordination with each other or at the direction of Crystal Pharmatech, develop, manufacture, market and distribute generic pharmaceutical products for sale in the State of Delaware and throughout the United States.

**JURISDICTION AND VENUE**

17.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

18.     This Court has personal jurisdiction over Sandoz Int'l. Upon information and belief, Sandoz Int'l is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products.  Upon information and belief, Sandoz Int'l directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district.  Upon information and belief, Sandoz Int'l purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Defendants' generic products.

19.     This Court has personal jurisdiction over Sandoz Inc. Upon information and belief, Sandoz Inc. is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products.  Upon information and belief, Sandoz Inc. directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district.  Upon information and belief, Sandoz Inc. purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Defendants' generic products.

20.    This Court has personal jurisdiction over Sandoz AG. Upon information and belief, Sandoz AG is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products. Upon information and belief, Sandoz AG directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district. Upon information and belief, Sandoz AG purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Defendants' generic products.

21.    Upon information and belief, "Sandoz has grown into a leading global generics business with annual sales of approximately USD 10 billion." https://www.sandoz.com/about-us/who-we-are/sandoz-brand (Company website, accessed Aug. 24, 2022). Upon information and belief, Sandoz Int'l admits that it is "honored to be named [McKesson's] 2019 Specialty Generic Partner of the Year! It's a privilege to be recognized for our efforts to expand patient access to high-quality medicines in the US." https://twitter.com/Sandoz_Global/status/1144606420282855425?s=20 (accessed Aug. 24, 2022).

22.    Upon information and belief, Sandoz's products are available in the U.S. *See* https://www.us.sandoz.com/patients-customers/products (accessed Aug. 24, 2022).

23.    Upon information and belief, Sandoz Int'l, Sandoz AG and Sandoz Inc. hold themselves out as a unitary entity and operate as a single integrated business with respect to the regulatory approval, manufacturing, marketing, sale and distribution of generic pharmaceutical products throughout the United States, including in this judicial district.

24.    This Court has personal jurisdiction over Crystal Suzhou. Upon information and belief, Crystal Suzhou is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products. Upon information and belief,

{01832679;v1 }    6

Crystal Suzhou directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district. Upon information and belief, Crystal Suzhou purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Defendants' generic products.

25. This Court has personal jurisdiction over Crystal Pharmatech. Upon information and belief, Crystal Pharmatech is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products. Upon information and belief, Crystal Pharmatech directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district. Upon information and belief, Crystal Pharmatech purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Defendants' generic products.

26. Upon information and belief, Crystal filed ANDA No. 215962. *See* The First Suit, D.I. 1 at 16 (D. Del. Dec. 10, 2021) ("Crystal admits that it submitted ANDA No. 215962 to the FDA . . . .")

27. Upon information and belief, Crystal Suzhou states that it "is aimed to become the best first-to-file (FTF) generic and 505B2 drug product development company" and that it partners "with leading API manufacturers and generic drug companies in the world." https://www.linkedin.com/company/crystal-pharmaceutical-suzhou-co-ltd/about/ (accessed August 24, 2022).

28. Upon information and belief, Crystal Suzhou is the holder of FDA Drug Master File No. 35195 for valbenazine tosylate.

29. Upon information and belief, Crystal Suzhou and Crystal Pharmatech hold themselves out as a unitary entity and operate as a single integrated business, alone and along

with partners, with respect to the regulatory approval, manufacturing, marketing, sale and distribution of generic pharmaceutical products throughout the United States, including in this judicial district.

30.    Upon information and belief, Crystal admits that it has an established generic presence in the United States, having "supported 8 FTF ANDAs containing Paragraph IV certifications."    https://www.linkedin.com/company/crystal-pharmaceutical-suzhou-co-ltd/about/ (accessed August 24, 2022). Upon information and belief, Crystal has at least one research   and   development   facility   in   the   United   States. *See* https://www.crystalpharmatech.com/news_view.aspx?ContentID=38&t=15&page=1 (accessed August 24, 2022).

31.    The filing of ANDA No. 215962 regarding the patents-in-suit relates to this litigation and is substantially connected with this judicial district because it reliably and non-speculatively predicts Defendants' intent to market and sell Defendants' generic products in this judicial district.

32.    Defendants have taken the significant step of applying to the FDA for approval to engage in future activities—including the marketing of its generic drugs—which, upon information and belief, will be purposefully directed at the District of Delaware and elsewhere throughout the United States. Upon information and belief, Defendants intend to direct sales of Defendants' generic drugs in this judicial district, among other places, once Defendants receive the requested FDA approval to market Defendants' generic products.  Upon information and belief, Defendants will engage in marketing of Defendants' generic products in Delaware upon approval of ANDA No. 215962.

33.     Upon information and belief, Defendants have thus been, and continue to be, joint and prime actors in the drafting, submission, approval and maintenance of ANDA No. 215962.

34.     For these reasons and for other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over Defendants.

35.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), because Sandoz Int'l is incorporated in Germany and may be sued in any judicial district in the United States.

36.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), because Sandoz AG is incorporated in Switzerland and may be sued in any judicial district in the United States.

37.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), because Sandoz Inc. is incorporated in the state of Delaware.

38.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), because Crystal Suzhou is incorporated in China and may be sued in any judicial district in the United States.

39.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), because Crystal Pharmatech is incorporated in China and may be sued in any judicial district in the United States.

## FACTUAL BACKGROUND

### The NDA

40.     Neurocrine is the holder of New Drug Application ("NDA") No. 209241 for INGREZZA® (valbenazine) Capsules in 40, 60 and 80 mg dosage forms ("INGREZZA® Capsules").

41.    The FDA approved NDA No. 209241 on April 11, 2017.

42.    INGREZZA® Capsules are prescription drugs approved for the treatment of tardive dyskinesia.  Valbenazine, which is present as the tosylate salt, is the active ingredient in INGREZZA® Capsules.

43.    Valbenazine Capsules are marketed in the United States under the trademark INGREZZA®.

**The Patents-in-Suit**

44.    The United States Patent and Trademark Office ("the PTO") issued the '627 patent on October 18, 2011, titled "Substituted 3-isobutyl-9,10-dimethoxy-1,3,4,6,7,11B-hexahydro-2h-pyrido[2,1-a]isoquinolin-2-ol Compounds and Methods Relating Thereto."  A true and correct copy of the '627 patent is attached as Exhibit A.

45.    Neurocrine owns the '627 patent through assignment as recorded by the PTO at Reel 020113, Frame 0451.

46.    Neurocrine filed a Submission Pursuant to 37 C.F.R. § 1.765 for Patent Term Extension Application Under 35 U.S.C. § 156, and the PTO has issued a Certificate Extending Patent Term Under 35 U.S.C. 156, which is attached as Exhibit B. In Exhibit B, the PTO certified that the term of the '627 patent is extended by 552 days.  Accordingly, the '627 patent will expire on April 11, 2031.

47.    The '627 patent is listed in Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") in connection with NDA No. 209241 for INGREZZA® Capsules.

48.    The PTO issued the '697 patent on January 22, 2013, titled "Substituted 3-isobutyl-9,10-dimethoxy-1,3,4,6,7,11B-hexahydro-2h-pyrido[2,1-a]isoquinolin-2-ol

Compounds and Methods Relating Thereto."   A true and correct copy of the '697 patent is attached as Exhibit C.

49.   Neurocrine owns the '697 patent through assignment as recorded by the PTO at Reel 048124, Frame 0753.

50.   The '697 patent currently expires on November 8, 2027.

51.   The '697 patent is listed in the Orange Book in connection with NDA No. 209241 for INGREZZA® Capsules.

52.   The PTO issued the '532 patent on April 26, 2022, titled "High Dosage Valbenazine Formulation and Compositions, Methods, and Kits Related Thereto."   A true and correct copy of the '532 patent is attached as Exhibit D.

53.   Neurocrine owns the '532 patent through assignment as recorded by the PTO at Reel 054171, Frame 0426.

54.   The '532 patent currently expires on September 18, 2038.

55.   The '532 patent is listed in the Orange Book in connection with NDA No. 209241 for INGREZZA® Capsules.

## The ANDA

56.   Upon information and belief, Defendants submitted ANDA No. 215962 with the FDA under 21 U.S.C. § 355(j) seeking FDA approval to manufacture, use, import, offer to sell and/or sell in the United States Valbenazine Capsules, 40 mg and 80 mg (defined above as "Defendants' generic products"), which are generic versions of Neurocrine's INGREZZA® Capsules.

57.   The Fourth Notice Letter states that  ANDA No. 215962 contains certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), alleging that the claims of the patent-in-suit are

invalid, unenforceable and/or will not be infringed by the manufacture, use, import, offer to sell and/or sale of Defendants' generic products.

58.    Plaintiff commenced this action within 45 days of receiving the Fourth Notice Letter.

**COUNT I**

**(INFRINGEMENT OF THE '627 PATENT)**

59.    Plaintiff realleges, and incorporates fully herein, each preceding paragraph.

60.    Upon information and belief, Defendants filed ANDA No. 215962 seeking approval to manufacture, use, import, offer to sell and/or sell Defendants' generic products in the United States before the expiration of the '627 patent.

61.    The Fourth Notice Letter states that  Defendants' ANDA No. 215962 was amended to include, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '627 patent are invalid, unenforceable and/or will not be infringed.

62.    Upon information and belief, Defendants admit infringement of at least one claim of the '627 patent because the Fourth Notice Letter did not provide any non-infringement allegation with respect to at least one claim of the '627 patent.

63.    Upon information and belief, in Defendants' ANDA No. 215962, Defendants have represented to the FDA that Defendants' generic products are pharmaceutically and therapeutically equivalent to Neurocrine's INGREZZA® Capsules.

64.    Defendants have actual knowledge of the '627 patent, as evidenced at least by the Fourth Notice Letter.

{01832679;v1 }                              12

65.     Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the '627 patent by submitting, or causing to be submitted, to the FDA ANDA No. 215962, seeking approval to manufacture, use, import, offer to sell or sell Defendants' generic products before the expiration date of the '627 patent.

66.     Upon information and belief, if ANDA No. 215962 is approved, Defendants intend to and will manufacture, use, import, offer to sell and/or sell Defendants' generic products in the United States.

67.     Upon information and belief, if ANDA No. 215962 is approved, Defendants will infringe one or more claims of the '627 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing Defendants' generic products, and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 215962 shall be no earlier than the expiration of the '627 patent.

68.     Upon information and belief, Defendants' actions relating to Defendants' ANDA No. 215962 complained of herein were done by and for the benefit of Defendants.

69.     Plaintiff will be irreparably harmed by Defendants' infringing activities unless this Court enjoins those activities.

70.     Plaintiff does not have an adequate remedy at law.

## COUNT II

### (INFRINGEMENT OF THE '697 PATENT)

71.     Plaintiff realleges, and incorporates fully herein, each preceding paragraph.

72.     Upon information and belief, Defendants filed ANDA No. 215962 seeking approval to manufacture, use, import, offer to sell and/or sell Defendants' generic products in the United States before the expiration of the '697 patent.

73.     The Fourth Notice Letter states that Defendants' ANDA No. 215962 was amended with the FDA to include, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '697 patent are invalid, unenforceable and/or will not be infringed.

74.     Upon information and belief, Defendants admit infringement of at least one claim of the '697 patent because the Fourth Notice Letter did not provide any non-infringement allegation with respect to at least one claim of the '697 patent.

75.     Upon information and belief, in Defendants' ANDA No. 215962, Defendants have represented to the FDA that Defendants' generic products are pharmaceutically and therapeutically equivalent to Neurocrine's INGREZZA® Capsules.

76.     Defendants have actual knowledge of the '697 patent, as evidenced by at least The Fourth Notice Letter.

77.     Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the '697 patent by submitting, or causing to be submitted, to the FDA ANDA No. 215962, seeking approval to manufacture, use, import, offer to sell or sell Defendants' generic products before the expiration date of the '697 patent.

78.     Upon information and belief, if ANDA No. 215962 is approved, Defendants intend to and will manufacture, use, import, offer to sell and/or sell Defendants' generic products in the United States.

79.     Upon information and belief, if ANDA No. 215962 is approved, Defendants will infringe one or more claims of the '697 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing Defendants' generic products, and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 215962 shall be no earlier than the expiration of the '697 patent.

80.     Upon information and belief, Defendants know, should know and intend that physicians will prescribe and patients will take Defendants' generic products for which approval is sought in ANDA No. 215962, and therefore will infringe at least one claim of the '697 patent.

81.     Upon information and belief, Defendants have knowledge of the '697 patent and, by their proposed package insert for Defendants' generic products, know or should know that Defendants will induce direct infringement of at least one claim of the '697 patent, either literally or under the doctrine of equivalents.

82.     Upon information and belief, Defendants are aware and/or have knowledge that their proposed package insert will recommend, suggest, encourage and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Defendants' generic products according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '697 patent.

83.     Upon information and belief, Defendants' actions relating to Defendants' ANDA No. 215962 complained of herein were done by and for the benefit of Defendants.

84.     Plaintiff will be irreparably harmed by Defendants' infringing activities unless this Court enjoins those activities.

85.     Plaintiff does not have an adequate remedy at law.

## COUNT III

## (INFRINGEMENT OF THE '532 PATENT)

86.     Plaintiff realleges, and incorporates fully herein, each preceding paragraph.

87.     Upon information and belief, Defendants filed ANDA No. 215962 seeking approval to manufacture, use, import, offer to sell and/or sell Defendants' generic products in the United States before the expiration of the '532 patent.

88.     The Fourth Notice Letter states that Defendants' ANDA No. 215962 was amended with the FDA to include, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '532 patent are invalid, unenforceable and/or will not be infringed.

89.     Upon information and belief, in its ANDA No. 215962, Defendants have represented to the FDA that Defendants' generic products are pharmaceutically and therapeutically equivalent to Neurocrine's INGREZZA® Capsules.

90.     Defendants have actual knowledge of the '532 patent, as evidenced by at least The Fourth Notice Letter.

91.     Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim of the '532 patent by submitting, or causing to be submitted, to the FDA ANDA No. 215962, seeking approval to manufacture, use, import, offer to sell or sell Defendants' generic products before the expiration date of the '532 patent.

92.     Upon information and belief, if ANDA No. 215962 is approved, Defendants intend to and will manufacture, use, import, offer to sell and/or sell Defendants' generic products in the United States.

93.     Upon information and belief, if ANDA No. 215962 is approved, Defendants will infringe one or more claims of the '532 patent under § 271(a), either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing Defendants' generic products, and/or by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of ANDA No. 215962 shall be no earlier than the expiration of the '532 patent and any additional periods of exclusivity.

94.     Upon information and belief, Defendants know, should know and intend that physicians will prescribe and patients will take Defendants' generic products for which approval is sought in ANDA No. 215962, and therefore will infringe at least one claim of the '532 patent.

95.     Upon information and belief, Defendants have knowledge of the '532 patent and, by their proposed package insert for Defendants' generic products, know or should know that Defendants will induce direct infringement of at least one claim of the '532 patent, either literally or under the doctrine of equivalents.

96.     Upon information and belief, Defendants are aware and/or have knowledge that their proposed package insert will recommend, suggest, encourage and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Defendants' generic products according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '532 patent.

97.     Upon information and belief, Defendants' actions relating to Defendants' ANDA No. 215962 complained of herein were done by and for the benefit of Defendants.

98.     Plaintiff will be irreparably harmed by Defendants' infringing activities unless this Court enjoins those activities.

99.    Plaintiff does not have an adequate remedy at law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.    The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the '627 patent through Defendants' submission of ANDA No. 215962 to the FDA seeking approval to manufacture, use, import, offer to sell and/or sell Defendants' generic products in the United States before the expiration of the '627 patent;

B.    The entry of judgment under 35 U.S.C. § 271(a), (b) and/or (c) that Defendants' making, using, offering to sell, selling or importing of Defendants' generic products before the expiration of the '627 patent will infringe, actively induce infringement and/or contribute to the infringement of at least one claim of the '627 patent under 35 U.S.C. § 271(a), (b) and/or (c);

C.    The issuance of an order that the effective date of any FDA approval of Defendants' generic products shall be no earlier than the expiration date of the '627 patent and any additional periods of exclusivity, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(A);

D.    The entry of a preliminary and/or permanent injunction, enjoining Defendants and all persons acting in concert with Defendants from manufacturing, using, offering for sale or selling Defendants' generic products within the United States, or importing Defendants' generic products into the United States, until the expiration of the '627 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

E.    The entry of a preliminary and/or permanent injunction, enjoining Defendants and all persons acting in concert with Defendants from seeking, obtaining or maintaining

approval of the ANDA until the expiration of the '627 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

F.      The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the '697 patent through Defendants' submission of ANDA No. 215962 to the FDA seeking approval to manufacture, use, import, offer to sell and/or sell Defendants' generic products in the United States before the expiration of the '697 patent;

G.      The entry of judgment under 35 U.S.C. § 271(a), (b) and/or (c) that Defendants' making, using, offering to sell, selling or importing of Defendants' generic products before the expiration of the '697 patent will infringe, actively induce infringement and/or contribute to the infringement of at least one claim of the '697 patent under 35 U.S.C. § 271(a), (b) and/or (c);

H.      The issuance of an order that the effective date of any FDA approval of Defendants' generic products shall be no earlier than the expiration date of the '697 patent and any additional periods of exclusivity, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(A);

I.      The entry of a preliminary and/or permanent injunction, enjoining Defendants and all persons acting in concert with Defendants from manufacturing, using, offering for sale or selling Defendants' generic products within the United States, or importing Defendants' generic products into the United States, until the expiration of the '697 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

J.      The entry of a preliminary and/or permanent injunction, enjoining Defendants and all persons acting in concert with Defendants from seeking, obtaining or maintaining approval of the ANDA until the expiration of the '697 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

K.   The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed at least one claim of the '532 patent through Defendants' submission of ANDA No. 215962 to the FDA seeking approval to manufacture, use, import, offer to sell and/or sell Defendants' generic products in the United States before the expiration of the '532 patent;

L.   The entry of judgment under 35 U.S.C. § 271(a), (b) and/or (c) that Defendants' making, using, offering to sell, selling or importing of Defendants' generic products before the expiration of the '532 patent will infringe, actively induce infringement and/or contribute to the infringement of at least one claim of the '532 patent under 35 U.S.C. § 271(a), (b) and/or (c);

M.   The issuance of an order that the effective date of any FDA approval of Defendants' generic products shall be no earlier than the expiration date of the '532 patent and any additional periods of exclusivity, or any such later date as the Court may determine, in accordance with 35 U.S.C. § 271(e)(4)(A);

N.   The entry of a preliminary and/or permanent injunction, enjoining Defendants and all persons acting in concert with Defendants from manufacturing, using, offering for sale or selling Defendants' generic products within the United States, or importing Defendants' generic products into the United States, until the expiration of the '532 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

O.   The entry of a preliminary and/or permanent injunction, enjoining Defendants and all persons acting in concert with Defendants from seeking, obtaining or maintaining approval of the ANDA until the expiration of the '532 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

P.      The issuance of a declaration that this is an exceptional case and an award to Plaintiff of their costs, expenses and disbursements in this action, including reasonable attorney fees, pursuant to 35 U.S.C. §§ 285 and 271(e)(4);

Q.      An award to Plaintiff of any further appropriate relief under 35 U.S.C. § 271(e)(4);

and

R.      An award to Plaintiff of any further and additional relief that this Court deems just and proper.

ASHBY & GEDDES

*/s/ Steven J. Balick*

Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Of Counsel:*

James B. Monroe
Erin M. Sommers
Lauren J. Dowty
Jeanette M. Roorda
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4431
(202) 408-4000

*Attorneys for Plaintiff Neurocrine Biosciences, Inc.*

Dated: August 26, 2022

{01832679;v1 }                                   22